UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


| | |
|---|---|
| LINDA LIGHTFOOT,<br><br>       Plaintiff,<br><br>       v.<br><br>HEALTHCARE REVENUE<br>RECOVERY GROUP, LLC,<br><br>       Defendant. | Civil No. 14-6791 (JEI/AMD)<br><br>**OPINION** |


**APPEARANCES:**

LAW OFFICE OF CHRISTOPHER P. McDONNELL
By:  Christopher P. McDonnell, Esq.
748 Route 18
East Brunswick, New Jersey 08816
          Counsel for Plaintiff


MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.
By:  Christian M. Scheuerman, Esq.
6981 N. Park Drive, Suite 300
Pennsauken, New Jersey 08109
          Counsel for Defendant



**IRENAS,** Senior United States District Judge:


     Plaintiff Linda Lightfoot alleges violations of the Fair

Debt Collection Practices Act (FDCPA) and the Telephone Consumer

Protection Act (TCPA).  Defendant Healthcare Revenue Recovery

                                1

Group, LLC (HRRG) presently moves to dismiss the FDCPA claims, Counts One through Four, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[1] For the reasons stated herein, the Complaint does not plead sufficient facts to support a plausible conclusion that HRRG violated the FDCPA.  Accordingly, the Motion to Dismiss will be granted, but Plaintiff will be given leave to file a Motion to Amend the Complaint.

**I.**

The Complaint alleges the following facts.

HRRG is a debt collector under the FDCPA, 15 U.S.C. § 1692(a)(6).  HRRG began contacting Lightfoot on her cellphone around January, 2014, regarding the collection of debt.  Since that time, HRRG has contacted Lightfoot on her cellphone "on more than one occasion," most recently around April, 2014. Around January, 2014, Lightfoot asked HRRG not to call her; she has asked HRRG not to call her "on more than one occasion."

During one call, HRRG threatened to take unspecified "legal action" against Lightfoot.  HRRG has not taken any legal action against Lightfoot.

---

[1] Defendant has not moved to dismiss Count Five, the TCPA count.  Plaintiff does not oppose HRRG's Motion to Dismiss Count Four. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss).  Accordingly, Count Four will be dismissed.

**II.**

In order to survive a motion to dismiss, a complaint must allege facts that make a right to relief more than speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  A court must accept all allegations in the plaintiff's complaint as true, viewing them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), but a court is not required to accept sweeping legal conclusions cast as factual allegations.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The pleadings must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.

**III.**

To survive a 12(b)(6) motion under the FDCPA,

> a plaintiff must plead sufficient facts showing that: "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA."

*Astarita v. Solomon & Solomon, PC*, No. CIV. 12-5670 WJM, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013).

Only the fourth element is at issue.

3

### A. Count One – Communication in Connection with Debt Collection

Count One will be dismissed because Lightfoot has not pled sufficient facts in support of her claim.

Communication in Connection with Debt Collection is governed by § 1692c(a)(1), which states:

> (a) COMMUNICATION WITH THE CONSUMER GENERALLY. -- Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> > (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location

Plaintiff argues that because Lightfoot asked HRRG to stop calling her, HRRG should have known that every call it placed to Lightfoot was at a time or place that was inconvenient to her. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 7). Plaintiff contends that the "least sophisticated debtor" standard allows Lightfoot to assert her FDCPA rights through a request to stop calling rather than requiring Lightfoot explicitly state that the calls are at a time or place inconvenient to her.

4

The Court rejects Plaintiff's argument. To some extent, all debt collection calls are unwanted by consumers. To interpret § 1692c to mean all unwanted debt collection calls are inconvenient to the consumer would be to read the statute too broadly.

Instead, in passing § 1692c, Congress intended to eliminate *inconvenient* calls. In § 1692c(a)(1), the statute anticipates calls between 9 p.m. and 8 a.m. are generally inconvenient.

Indeed, there is ample case law requiring plaintiffs to plead that the challenged communication(s) occurred after 9 p.m. or before 8 a.m. *See, e.g., Turner v. Prof'l Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 577 (D.N.J. 2013); *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 424 (D.N.J. 2013); *Woodward v. Pressler & Pressler, LLP*, No. CIV. 10-1325 KM, 2014 WL 809003, at *6 (D.N.J. Feb. 28, 2014).

The statute also prohibits calls that are inconvenient *to a particular consumer*. For instance, § 1692c(a)(3) prohibits communication, "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." But a plaintiff is required to plead facts that plausibly support the conclusion that the communication from debt collectors is either inconvenient generally according to §

5

1692c(a)(1) or inconvenient to them particularly as provided in § 1692c(a)(3), or some other case-specific way.

In the instant case, Plaintiff does not plead facts sufficient to support a claim that HRRG made its calls to her at a time that is generally inconvenient or at a time HRRG knew or should have known was inconvenient to her.  Requests to stop calling does not establish that every future call is at a time or place inconvenient to the consumer.  Without more, there is no legally cognizable claim under § 1692c.

The Court will grant Defendant's Motion to dismiss Count One.  Lightfoot may file a Motion to Amend the Complaint to attempt to cure the pleading deficiencies on this count.

### B. Count Two – Harassment or Abuse

Count Two will be dismissed because Lightfoot has not pled sufficient facts in support of her claim.   Regarding whether a debt collector's communication is harassment or abuse, § 1692d(5) states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
>
>     (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or

> continuously with intent to annoy, abuse, or harass any person at the called number.

"The question of whether a debt collector engages in 'harassing, annoying, or abusive' conduct is ordinarily an issue of fact for the jury." *Rush*, 977 F. Supp. 2d 414 at 429. However, a plaintiff must plead sufficient facts for a reasonable juror to conclude there has been a violation of this section of the FDCPA. *Id.*

Examining how other courts have interpreted § 1692d(5),

> A remarkable volume of telephone calls is permissible under FDCPA jurisprudence. *See VanHorn v. Genpact Servs., LLC,* No. 09-1047-CV-S-GAF, 2011 WL 4565477, at *1 (W.D. Mo. Feb. 14, 2011) (finding 114 calls in a four-month period did not violate the FDCPA); *Carman v. CBE Grp., Inc.,* 782 F. Supp. 2d 1223, 1232 (D. Kan. 2011) (granting summary judgment in favor of a defendant who placed 149 telephone calls to the plaintiff during a two-month period); *Clingaman v. Certegy Payment Recovery Servs.,* No. H-10-2483, 2011 WL 2078629, at *5 (S.D. Tex. May 26, 2011) (granting summary judgment for a defendant who placed 55 phone calls over three and one-half months).

*Zortman v. J.C. Christensen & Associates, Inc.,* 870 F. Supp. 2d 694, 707 (D. Minn. 2012).

The Complaint only pleads that HRRG made two phone calls to Lightfoot: one around January, 2014, and another around April, 2014. These allegations alone do not plausibly support a conclusion of HRRG's intent to "annoy, abuse, or harass."

Moreover, as discussed above, the Complaint does not plead facts sufficient to support a conclusion that the calls were made at an inconvenient time or place which might help support an inference of intent to harass or abuse.

The Court will grant Defendant's Motion to dismiss Count Two. Lightfoot may file a Motion to Amend the Complaint to attempt to cure the pleading deficiencies on this count.

### C. Count Three – False or Misleading Representations

Count Three will be dismissed because Lightfoot has not pled sufficient facts in support of her claim.

False or Misleading statements are prohibited under § 1692e(2)(5) of the FDCPA:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
>
> >   (2) The false representation of –
> >     (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

The Federal Trade Commission's commentary (FTC Commentary) to the FDCPA, adopted by the Third Circuit as persuasive, gives insight into analyzing a claim under this section. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455-56 (3d Cir. 2006). Specifically,

8

> The FTC Commentary observes that a debt collector "may state that a certain action is possible, if it is true that such action is legal and is frequently taken by the collector or creditor with respect to similar debts," but where the debt collector "has reason to know there are facts that make the action unlikely in the particular case, a statement that the action was possible would be misleading." 53 Fed.Reg. 50097, 50106 (1988).

*Id.*

The facts alleged by Lightfoot fall within the scope of the behavior forbidden by the FTC language, but do not satisfy Rule 8, *Twombly* and *Iqbal*.

Lightfoot states, "[d]uring one communication, HRRG threatened to take legal action against [Lightfoot] if [she] didn't pay the debt. HRRG has not taken legal action against [Lightfoot]." (Compl. ¶¶ 18-19). Then, Lightfoot takes the conclusory leap that these two facts taken together support the inference that, "HRRG never intended to take legal action against Linda." (*Id.*)

Lightfoot's allegations are too vague and conclusory to plausibly support a conclusion that HRRG violated § 1692e(2)(5).

The Court will grant Defendant's Motion to dismiss Count Three. Lightfoot may file a Motion to Amend the Complaint to attempt to cure the pleading deficiencies on this count.


**IV.**

As stated above, Counts One through Three are not sufficiently supported by factual allegations to satisfy Rule 8, *Twombly* and *Iqbal*.  Those Counts will be dismissed with leave granted to file a Motion to Amend.  Defendant's Motion to Dismiss Count Four is unopposed and will be granted.  An appropriate Order accompanies this Opinion.


Date: March 11, 2015


    s/ Joseph E. Irenas    

**Joseph E. Irenas, S.U.S.D.J.**